1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9   LVDG SERIES 107, established under      Case No. 3:13-cv-00463-MMD-VPC
    LVDG, a Nevada series limited liability
10  company,
                                            AMENDED ORDER
11                              Plaintiff,

12       v.

13  MAGGIE BARTON, individually and as
    trustee of the GOMEZ FAMILY TRUST
    u/t/d/ June 25, 1996, et al.,
14

15                             Defendants.

16          Before the Court is Plaintiff's Emergency Motion for a Temporary Restraining

17  Order and Preliminary Injunction Enjoining Foreclosure Sale Scheduled on March 5,

18  2014.[1] (Dkt. nos. 43 and 44.) Defendant Wells Fargo Home Mortgage filed a response

19  (dkt. nos. 46 and 47) and Defendant Quality Loan Service Corporation joined (dkt. no.

20  48). Plaintiff's emergency motion is denied as it has, in effect, already been addressed

21  by the Court.

22          Defendant removed this case on August 28, 2013. (Dkt. no. 1.) Attached to

23  Defendant's petition for removal was Plaintiff's application for a temporary restraining

24  order and preliminary injunction ("First Application") to enjoin the foreclosure sale of the

25  _____

26          [1]The Court notes that the notice of trustee's sale setting the March 5, 2014, sale
27  date was recorded on January 31, 2014. (Dkt. no. 43 at 3.) The Court finds it suspect
    that Plaintiff waited until three days before the scheduled sale to move for a TRO and
28  preliminary injunction on an emergency basis.

1   property. (Dkt. no. 1-4.) Also attached was a TRO issued by the Second Judicial District

2   Court of the State of Nevada, Washoe County, on August 21, 2013, which set a hearing

3   date in that court for August 29, 2013. (Dkt. no. 1-5.) After removal, the Court set a

4   briefing schedule for responses and replies to the First Application, and scheduled a

5   hearing for September 11, 2013, to address the First Application. (Dkt. no. 2.) The

6   hearing date was continued to September 18, 2013, in order to also address Plaintiff's

7   motion to remand. (Dkt. no. 16.)

8        At the September 18, 2013, hearing, the Court made findings on the record and

9   denied Plaintiff's First Application. (Dkt. no. 27.) The Court found that Plaintiff could not

10   show a reasonable likelihood of success on the merits because Plaintiff's acquisition of

11   the property at an HOA foreclosure sale was subject to the first deed of trust, with the

12   exception of a super priority to recover nine (9) months of HOA assessments. The Court

13   also found that Plaintiff did not demonstrate irreparable harm because a future

14   purchaser will acquire the deed of trust subject to the super priority portion of the HOA

15   lien.

16        At best Plaintiff appears to have forgotten that the September 18, 2013, hearing

17   took place. In its motion, Plaintiff references the First Application and the state court

18   hearing scheduled for August 29, 2013, which did not take place because of removal.

19   (Dkt. no. 43 at 3.) However, Plaintiff incorrectly states that "[t]his Court has not since

20   been asked to address the Plaintiff's request for a Preliminary Injunction." (*Id.*) In fact,

21   the Court addressed Plaintiff's First Application and denied it at the September 18, 2013,

22   hearing. (Dkt. no. 27.)

23        Plaintiff's motion reiterates the same arguments raised in Plaintiff's First

24   Application. Plaintiff argues, in contradiction to the Court's September 18, 2013,

25   decision, that the foreclosure of the property should be enjoined because the first deed

26   of trust was extinguished at the HOA foreclosure sale. This argument was made in

27   Plaintiff's First Application and rejected by the Court. Plaintiff also argues that the

28   Nevada Supreme Court has scheduled an oral argument for May 7, 2014, that will

1    address the effect of an HOA foreclosure sale on the first deed of trust, but, as stated,

2    the Court has already determined that the HOA foreclosure sale did not exterminate the

3    first deed of trust.

4         It is therefore ordered that Plaintiff's Emergency Motion for a Temporary

5    Restraining Order (dkt. no. 43) and Emergency Motion for Preliminary Injunction (dkt. no.

6    44) are denied.

7         DATED THIS 5th day of March 2014.

8

9    _____

10   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3