UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LVDG SERIES 107, established under LVDG, a Nevada series limited liability company,<br><br>Plaintiff,<br>v.<br><br>MAGGIE BARTON, individually and as trustee of the GOMEZ FAMILY TRUST u/t/d/ June 25, 1996, et al.,<br><br>Defendants. | Case No. 3:13-cv-00463-MMD-VPC<br><br>AMENDED ORDER |

Before the Court is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Foreclosure Sale Scheduled on March 5, 2014.[1] (Dkt. nos. 43 and 44.) Defendant Wells Fargo Home Mortgage filed a response (dkt. nos. 46 and 47) and Defendant Quality Loan Service Corporation joined (dkt. no. 48). Plaintiff's emergency motion is denied as it has, in effect, already been addressed by the Court.

Defendant removed this case on August 28, 2013. (Dkt. no. 1.) Attached to Defendant's petition for removal was Plaintiff's application for a temporary restraining order and preliminary injunction ("First Application") to enjoin the foreclosure sale of the

---

[1] The Court notes that the notice of trustee's sale setting the March 5, 2014, sale date was recorded on January 31, 2014. (Dkt. no. 43 at 3.) The Court finds it suspect that Plaintiff waited until three days before the scheduled sale to move for a TRO and preliminary injunction on an emergency basis.

property. (Dkt. no. 1-4.) Also attached was a TRO issued by the Second Judicial District Court of the State of Nevada, Washoe County, on August 21, 2013, which set a hearing date in that court for August 29, 2013. (Dkt. no. 1-5.) After removal, the Court set a briefing schedule for responses and replies to the First Application, and scheduled a hearing for September 11, 2013, to address the First Application. (Dkt. no. 2.) The hearing date was continued to September 18, 2013, in order to also address Plaintiff's motion to remand. (Dkt. no. 16.)

At the September 18, 2013, hearing, the Court made findings on the record and denied Plaintiff's First Application. (Dkt. no. 27.) The Court found that Plaintiff could not show a reasonable likelihood of success on the merits because Plaintiff's acquisition of the property at an HOA foreclosure sale was subject to the first deed of trust, with the exception of a super priority to recover nine (9) months of HOA assessments. The Court also found that Plaintiff did not demonstrate irreparable harm because a future purchaser will acquire the deed of trust subject to the super priority portion of the HOA lien.

At best Plaintiff appears to have forgotten that the September 18, 2013, hearing took place. In its motion, Plaintiff references the First Application and the state court hearing scheduled for August 29, 2013, which did not take place because of removal. (Dkt. no. 43 at 3.) However, Plaintiff incorrectly states that "[t]his Court has not since been asked to address the Plaintiff's request for a Preliminary Injunction." (*Id.*) In fact, the Court addressed Plaintiff's First Application and denied it at the September 18, 2013, hearing. (Dkt. no. 27.)

Plaintiff's motion reiterates the same arguments raised in Plaintiff's First Application. Plaintiff argues, in contradiction to the Court's September 18, 2013, decision, that the foreclosure of the property should be enjoined because the first deed of trust was extinguished at the HOA foreclosure sale. This argument was made in Plaintiff's First Application and rejected by the Court. Plaintiff also argues that the Nevada Supreme Court has scheduled an oral argument for May 7, 2014, that will

address the effect of an HOA foreclosure sale on the first deed of trust, but, as stated, the Court has already determined that the HOA foreclosure sale did not exterminate the first deed of trust.

It is therefore ordered that Plaintiff's Emergency Motion for a Temporary Restraining Order (dkt. no. 43) and Emergency Motion for Preliminary Injunction (dkt. no. 44) are denied.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE