UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LVDG SERIES 107, established under LVDG, a Nevada series limited liability company,<br><br>Plaintiff,<br>v.<br><br>MAGGIE BARTON, individually and as trustee of the GOMEZ FAMILY TRUST u/t/d/ June 25, 1996, et al.,<br><br>Defendants. | Case No. 3:13-cv-00463-MMD-VPC<br><br>ORDER |

This action involves a single claim to quiet title by Plaintiff LVDG filed in August, 2013. Plaintiff alleges that it acquired the property at issue at a homeowner's association lien foreclosure sale ("the Property"). (Dkt. no. 1-2 at 6 ¶26.) Plaintiff seeks several forms of relief, including a declaratory judgment quieting title to the property in favor of Plaintiff and against Defendants. (Id. at 11 ¶12.) On March 5, 2014, after the Court denied Plaintiff's second request for a temporary restraining order (dkt. no. 50), Plaintiff executed a Quitclaim Deed, quitclaiming its interest in the Property to Residential Land Corporation of Nevada ("RLCON").[1] (Dkt. no. 53-3.) RLCN filed for bankruptcy protection that same day. (Dkt. no. 53-2.) After learning of the transfer of the Property and RLCON's bankruptcy, the Court directed the parties to file a status report to address: (1)

---

[1] Plaintiff does not dispute that it transferred ownership of the Property to RLCON. (Dkt. no. 56.)

1 | Plaintiff's standing to assert the quiet title action claim as a result of its transfer of the
2 | Property; and (2) the effect, if any, of the automatic stay. (Dkt. no. 54.)
3 |   In its status report, Plaintiff admits that it no longer has standing to assert its quiet
4 | title action claim because of the transfer of the Property to RLCON. (Dkt. no. 56 at 2 ¶9.)
5 | However, Plaintiff argues that the automatic stay applies and it may be appropriate for
6 | RLCON to substitute in place and stead of Plaintiff. (*Id.* at 3 ¶17.)
7 |   The Court finds these arguments unconvincing. This action should be dismissed
8 | for lack of standing. Plaintiff similarly has no standing to argue that the automatic stay
9 | applies because Plaintiff did not seek bankruptcy protection. Moreover, the Court is not
10 | persuaded that dismissal of this action will affect RLCON's bankruptcy estate so as to
11 | trigger the automatic stay provision of 11 U.S.C. § 362(a).
12 |   It is therefore ordered that this action is dismissed for lack of standing. The motion
13 | to dismiss (dkt. no. 30) is denied as moot. The motion to expunge lis pendens (dkt. no.
14 | 31) is granted. The request for hearing on pending motions (dkt. no. 42) is denied as
15 | moot. The Clerk is instructed to close this action.

DATED THIS 9th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE